In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00116-CR
______________________________


ROGER LEE CARLOCK, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 76th Judicial District Court
Camp County, Texas
Trial Court No. CF-01-7259


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Roger Lee Carlock appeals his sentence of ninety-nine years' imprisonment and a
$5,000.00 fine.


 In a single point of error, Carlock contends the evidence is factually
insufficient to support the jury's finding he had been previously convicted of aggravated
sexual assault and, therefore, the jury should not have been permitted to assess his
punishment within the range provided for a first degree felony rather than under the range
provided for a second degree felony. We overrule the issue presented and affirm the trial
court's judgment.
Standard of Review
Â Â Â Â Â Â Â Â Â Â The Texas Court of Criminal Appeals recently refined the standard for reviewing
factual sufficiency. In Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20
(Tex. Crim. App. Apr. 21, 2004), the court held that, when an appellant challenges the
factual sufficiency of the evidence, the reviewing court must determine whether,
considering all the evidence in a neutral light, the jury was rationally justified in reaching
its verdict beyond a reasonable doubt. Id. There are two ways in which the evidence may
be factually insufficient. First, the evidence supporting the verdict, if considered alone, may
be too weak to support the jury's finding beyond a reasonable doubt. Id. Second, ifâwhen
weighing the evidence supporting and contravening the convictionâthe reviewing court
concludes the contrary evidence is strong enough that the state could not have met its
burden of proof, then the evidence must be held to be insufficient. Id. "Stated another
way, evidence supporting guilt can 'outweigh' the contrary proof and still be factually
insufficient under a beyond-a-reasonable-doubt standard." Id. If the evidence is factually
insufficient, the reviewing court must reverse the judgment and remand for a new trial. 
Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). While the Zuniga court
framed its analysis within the context of reviewing the evidence to support a verdict on
guilt/innocence, we hold the same analysis applies when evaluating the adequacy of the
proof to support an enhanced punishment verdict. Cf. Davis v. State, No. 03-03-00148-CR, 2004 Tex. App. LEXIS 4723, at *10â11 (Tex. App.âAustin May 27, 2004, no
pet. h.) (applying Zuniga standard when evaluating factual sufficiency of deadly weapon
finding); and Lopez v. State, Nos. 12-03-00057-CR & 12-03-00058-CR, 2004 Tex. App.
LEXIS 4862, at *11â12 (Tex. App.âTyler May 28, 2004, no pet. h.) (applying pre-Zuniga
standard to evaluate factual sufficiency of evidence to enhance punishment range).
Factual and Procedural Background
Â Â Â Â Â Â Â Â Â Â In the case now before us, Carlock was convicted of indecency with a child, a
second degree felony. See Tex. Pen. Code Ann. Â§ 21.11(a)(1), (d) (Vernon 2003). The
punishment range for a second degree felony is between two and twenty years'
imprisonment. Tex. Pen. Code Ann. Â§ 12.33(a) (Vernon 2003). However, "[i]f it is shown
on the trial of a second-degree felony that the defendant has been once before convicted
of a felony, on conviction he shall be punished for a first-degree felony." Tex. Pen. Code
Ann. Â§ 12.42(b) (Vernon Supp. 2004). A first degree felony carries a punishment range
of between five and ninety-nine years' imprisonment, or incarceration for life. Tex. Pen.
Code Ann. Â§ 12.32(a) (Vernon 2003). The State sought to enhance the punishment range
for Carlock's offense to that of a first degree felony by virtue of a previous conviction
JuneÂ 16, 1986, for aggravated sexual assault (a first degree felony) in Titus County District
Court cause number 10,496. See Tex. Pen. Code Ann. Â§ 22.021(e) (Vernon Supp. 2004). 
Carlock pled "not true" to having been previously convicted of aggravated sexual assault. 
Â Â Â Â Â Â Â Â Â Â The State's first punishment witness was a Titus County deputy district clerk named
Jacki Francis. Francis identified State's Exhibit 1 as a certified copy of the Titus County
judgment of conviction of "R. L. Carlock" in cause number 10,496. Francis testified State's
Exhibit 1 pertained to a defendant named Roger Lee Carlock. On cross-examination,
however, Francis admitted she lacked any personal knowledge whether the "R.Â L. Carlock"
named in State's Exhibit 1 was the same "Roger Lee Carlock" then on trial. 
Â Â Â Â Â Â Â Â Â Â Kathy Worth, an experienced parole officer, testified next. She told the jury she had
supervised Carlock while he was on parole on two previous occasions. Worth stated
Carlock was the same "R. L. Carlock" who had been convicted of aggravated sexual
assault in Titus County cause number 10,496. She also told the jury she had supervised
Carlock while he was on parole in connection with Camp County cause number 6123, a
conviction for indecency with a child. Worth admitted on cross-examination, however, that
she lacked any independent memory of the specific cause numbers of Carlock's
convictions; instead, she had reviewed State's Exhibit 1 and determined that, because the
date of conviction in that case occurred shortly before she began supervising Carlock's
parole, she must have supervised Carlock for the Titus County conviction. She was
nonetheless certain she had supervised Carlock's parole for an aggravated sexual assault
conviction, as well as for a second conviction for indecency with a child. 
Â Â Â Â Â Â Â Â Â Â Carolyn Jean Rogers, Carlock's former neighbor, testified on Carlock's behalf. 
Rogers admitted on cross-examination Carlock had admitted to her he had been to prison
twice before. She also said she knew the offenses for which Carlock had been imprisoned
were both sex-related offenses. 
Analysis
Â Â Â Â Â Â Â Â Â Â Examining all the evidence in a neutral light, we believe the jury was rationally
justified in concluding, beyond a reasonable doubt, that the "R. L. Carlock" referenced in
the State's first exhibit was the same person as the defendant. Worth testified she was
certain she had supervised Carlock for his parole on an aggravated sexual assault
conviction. Her supervision occurred a few years after the relevant date of conviction. Her
testimony reveals she personally identified Carlock as the same parolee she had
previously supervised. There is nothing in the record to suggest Worth had supervised a
different "R. L. Carlock" for either aggravated sexual assault, or to contradict Worth's
testimony that the defendant was the same Roger Lee Carlock she had previously
supervised. Moreover, even Carlock's own witness testified Carlock had previously
admitted having been imprisoned for sex-related offenses.
Â Â Â Â Â Â Â Â Â Â Given the testimony presented in this case, we cannot say the evidence supporting
the verdict is too weak to support the jury's finding. We also cannot conclude that the
contrary evidence outweighs the evidence supporting the jury's conclusion. As such, we
find the evidence factually sufficient to support the jury's conclusion Carlock had been
previously and finally convicted of aggravated sexual assault. 
Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice


Date Submitted:Â Â Â Â Â Â June 15, 2004
Date Decided:Â Â Â Â Â Â Â Â Â June 23, 2004


Publish



that had occurred at the previous hearing.

 The Court: . . . March 31st, 2000 you informedÂ the Court of your
intentions to waive your right to counsel -

 

 Mr. Clement: Yes, ma'am.


 The Court: - and your desire to represent yourself pro se, correct?


 Mr. Clement: Yes, ma'am.

 

 The Court: At that time, I strongly encouraged you to reconsider
that decision over the weekend.

 

 Mr. Clement: Yes, ma'am

 

 The Court: And to come back here this afternoon with an
attorney.

 

 Mr. Clement: Yes, ma'am.


 . . . .


 The Court: . . . you're not telling the Court that you're indigent
and cannot afford an attorney.

 

 Mr. Clement: No, ma'am, I'm not telling the court that I'm indigent
and cannot afford an attorney.

 

 The Court: . . . you are not indigent.

 

 Mr. Clement: No, ma'am.


 The court then explained which charge was going to trial on April 17 (there were two
indictments pending against Clement at the time). Clement explained that he would try to hire
counsel, but continued to express reservations. The court then decided to fully admonish Clement:

 You also must be aware in the event that you do end up representing yourself of the
extreme disadvantages which might face you if you were to choose to do that. There
are many technical rules of evidence and procedure that you would need to follow
and you would not be granted any special considerations because you've asserted to
represent yourself pro se. You would be under the same rules and guidelines that an
attorney in your position would be, okay? There are rules regarding evidence and
you must know how to introduce the evidence and what evidence is appropriate and
proper, how to get that - those matters into evidence as well as if you had any
objections to any evidence that the state was entering or offering, you would need to
know how to make those objections and with regard to objections you would need
to know what a legal objection is, how to make that and the grounds for that
objection. You would also need to know how to respond to the objections made by
the state, okay? There are certain motions, and you need to be aware of this, that are
required to be made or else they are waived and you would lose certain rights if
motions are not made. You must have an understanding of the voir dire process and
procedure and what that involves and what is proper and appropriate in a voir dire
examination of a jury panel. You would need to know how to examine a witness,
both the witness that you call as well as cross-examining witnesses if you choose to
do that . . .


 Obviously if you're representing yourself, no one will be allowed to assist you . . .
[m]eaning that you would be in that seat all alone, with no co-counsel . . . There are
certain rights that a non-lawyer might not be able to accomplish . . . [these are] some
but not necessarily all of the disadvantages of representing yourself pro se. You have
no right to stand by counsel. As a result of everything that I've just gone over with
you, you might be disadvantaged both at trial and also with regard to any appeal that
might follow your jury trial.


 At this point, the court made an inquiry into Clement's background, including his age (thirty-nine), education level (college graduate), lack of any history of mental or psychological problems
(none), and work history (no legal training, worked since 1994 as a computer systems product
developer/engineer/designer). The court then read the statutory waiver to Clement, and he responded
that he understood. See Tex. Code Crim. Proc. Ann. art. 1.051(g) (Vernon Supp. 2002). On April
17, the day trial began, Clement signed the waiver of representation of counsel form and the court
read the form into the record.

 Clement's argument essentially posits that despite his knowing and intelligent waiver of
counsel, and despite his own insistence on proceeding pro se in the face of repeated warnings against
doing so, the trial court erred because it did not discern that Clement subjectively "failed to fully
appreciate the dangers of self-representation." Clement cites no authority for this position and makes
no argument for what "fully appreciating the dangers of self-representation" means, nor does he
argue for an expansion of the current requirements. The trial court's admonishments exceeded both
in scope and frequency the requirements of Article 1.051. The law does not require more. 

 Clement also asserts that he received ineffective assistance of counsel because his counsel
did not file a timely application for probation (now community supervision). Clement argues that
the failure to file such a motion amounts to per se ineffective assistance of counsel. Texas
recognizes no such per se rule of ineffective assistance under the circumstances presented. Because
the attorney alleged to have committed ineffective assistance withdrew with the court's approval one
month before trial, and because the application for community supervision may be filed at any time
before trial, Clement has failed to demonstrate ineffective assistance of counsel.

 To prevail on his claim of ineffective assistance, Clement must demonstrate that his
attorney's representation fell below a reasonable standard of effectiveness and that the deficient
performance was so serious that it prejudiced his defense. Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App.
1992). Any allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Burruss v. State, 20 S.W.3d 179, 186 (Tex.
App.-Texarkana 2000, pet. ref'd). Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. 

 Clement's retained counsel filed various pretrial motions, including a discovery motion and
an election for the jury to assess punishment. The record shows that Clement's relationship with his
counsel deteriorated to the point that Clement dismissed him sometime in February 2000. Counsel
filed a motion to withdraw and served a copy on Clement on March 10. The trial court granted the
motion on March 17, one full month before trial. 

 Clement Â filed Â and Â argued Â his Â own Â motion Â to Â proceed Â pro Â se Â before Â the Â trial Â court on
March 31. The same day, Clement also filed a motion to suppress that was heard before jury
selection on April 17. A defendant is eligible for jury-recommended community supervision
provided he files a written sworn motion stating his eligibility with the trial court before the trial
begins. Tex. Code Crim. Proc. Ann. art. 42.12 § 4(e) (Vernon Supp. 2002). There is no
requirement that this motion be filed any earlier than the day of trial. Clement did not file a sworn
motion of eligibility for community supervision. 

 Clement had ample opportunity to file his motion of eligibility for community supervision,
and he could have done so any time after March 17, up to and including the morning trial began. He
did not do so. Indeed, the record indicates that Clement did not want to apply for community
supervision and made a deliberate decision not to do so. At the voir dire of the jury, the court and
the prosecutor stated that no application for community supervision had been filed. The prosecutor
then asked Clement if he filed an application for community supervision, and Clement answered
"no." Before being permitted to proceed pro se, the trial court sternly admonished Clement that his
rights could be restricted by the failure to file motions that were required before trial began. Clement
has failed to demonstrate any error, because the lawyer he dismissed in February withdrew as
attorney of record a full month before trial, well before an application for community supervision
was necessary. Any subsequent counsel would have been in a position to file the application,
including Clement, acting pro se. There is no error in not filing a motion in the trial court a month
before it is due. Clement has thus failed to make the requisite showing of deficient performance. 
See Burruss v. State, 20 S.W.3d at 186. 

 Under Strickland, Clement is required to show that there is a reasonable probability that, but
for his counsel's unprofessional errors, the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. at 694. A reasonable probability is a probability sufficient to
undermine confidence in the outcome. Once again, this burden is on the defendant. Clement offers
no argument in his brief that the failure to file an application for community supervision in February
or March might have adversely affected his sentence. (3) He has therefore also failed to make a showing
of prejudice. See Burruss v. State, 20 S.W.3d at 186. 

 Because we have overruled all of Clement's points of error, we affirm the trial court's
judgment.


 William J. Cornelius

 Chief Justice


Date Submitted: October 24, 2001

Date Decided: December 12, 2001


Publish
1. At the hearing on the motion to suppress, Warren testified that he had received a written
statement, but that it was incomplete. He later testified that the incomplete statement referred to was
the same one Scott completed at 11:15 p.m., and that he had received an oral statement from another
officer attesting to Scott's written statement. 
2. The record does not contain a copy of the motion to withdraw, but does indicate that
Clement fired Griffith and refused to accept the appointment of any lawyer from the Gilmer area. 
3. We further note that, because he was sentenced to twelve years' imprisonment, Clement was
ineligible for community supervision. See Tex. Code Crim. Proc. Ann art 42.12 Â§ 4(d)(1) (Vernon
Supp. 2002). Thus, even if he had been represented by counsel, it is not clear that he could have
shown the requisite harm to successfully argue ineffective assistance of counsel.